UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUILLERMINA GIRARDI,
Plaintiff,

-against-

CASTLE VILLAGE OWNERS CORP.,
Defendant.

Case No. 1:26-cv-07364 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On August 28, 2026, Plaintiff Guillermina Girardi ("Plaintiff") filed a complaint and sought an emergency temporary restraining order in connection with a court order in an underlying proceeding in New York state court. *See* Dkts. 1, 4-6. Nothing on the docket reflects that she has served these papers on Defendant. Under Federal Rule 65, a court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff has not filed a verified complaint specifying those facts here. *See, e.g.*, *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (noting that the plaintiff had "verified his complaint by attesting under penalty of perjury that the statements in the complaint were true to the best of his knowledge"), *abrogated on other grounds by Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020); *accord Rose v. Garritt*, No. 16-cv-06324 (KMK), 2020 WL 409751, at *6 (S.D.N.Y. Jan. 24, 2020) (noting that "[p]laintiff's [c]omplaint is verified because it is signed by [p]laintiff and states that it is 'true and correct' 'under penalty of perjury'"). Both her supplemental letter, *see* Dkt. 4, and her emergency application for a temporary restraining order, *see* Dkt. 5, are not affidavits, as they are unsworn

and unaccompanied by an attestation under penalty of perjury. *See, e.g.*, *Azkour v. Little Rest Twelve, Inc.*, No. 10-cv-04132 (RJS) (KNF), 2012 WL 402049, at *3 n.1 (S.D.N.Y. Feb. 7, 2012) (noting that an affidavit is "a voluntary declaration of facts, written down and sworn to by the declarant before an officer authorized to administer oaths" (alteration adopted) (citation omitted)), *report and recommendation adopted*, 2012 WL 1026730 (S.D.N.Y. Mar. 27, 2012); *accord Yu v. Gao*, No. 24-cv-03902 (AMD) (JRC), 2025 WL 80658, at *3 n.2 (E.D.N.Y. Jan. 13, 2025). Plaintiff has filed a sworn declaration, *see* Dkt. 6, but that document does not explain why Plaintiff will be irreparably harmed before Defendant can be heard in opposition; indeed, according to that declaration, there are ten days between Plaintiff's filing and her deadline to comply with the state court's order. *Id.* ¶ 7.

Accordingly, **by September 3, 2026**, Plaintiff must serve her complaint and all related filings (that is, the documents filed at Dkts. 1 and 4-6, as well as the instant order) on Defendant. By **September 4, 2026**, Defendant must file a response to Plaintiff's request for an emergency temporary restraining order. The Court will hold a hearing on that request on **September 8, 2026, at 1:00 p.m.** The hearing will take place virtually, via Microsoft Teams. Log-in credentials will be emailed to Plaintiff at her email address listed on the docket, and Plaintiff is **ORDERED** to forward those log-in credentials to Defendant as soon as she receives them. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 591 301 032#.

Dated: September 3, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge